### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW J. HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, UNITED STATES | ) | |
| COAST GUARD and Admiral LINDA L. | ) | |
| FAGAN, Commandant, in her official capacity | ) | Case No. 1: 21-cv-3277-RJL |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ST LAWRENCE SEAWAY PILOTS ASS'N | ) | |
| 733 East Broadway Street | ) | |
| Cape Vincent, New York  13618 | ) | |
| | ) | |
| Defendant-intervenor-Movant. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE IN SUPPORT OF DEFENDANTS

Plaintiff Matthew Hight has sued the United States Department of Homeland Security, the United States Coast Guard, and the Commandant of the Coast Guard, alleging that he was improperly denied full registration as a pilot in one of the Great Lakes pilotage districts that the Coast Guard administers, known as District One.  He seeks a range of relief, including that the Court order the Coast Guard to register him as a pilot in District One.

Intervenor-movant St. Lawrence Seaway Pilots Association ("the Association") operates the pilotage pool in District One.  After substantial experience with the Plaintiff, the Association concluded, and the Coast Guard agreed, that he is not fit to be a pilot and that allowing him to operate in District One would risk harm to the safety

1

and efficiency of pilotage operations in the District.   Congress expressly delegated

pilotage functions to the Coast Guard because of their importance to maritime safety.   *See*

*Halverson v. Slater,* 129 F.3d 180, 188 (D.C. Cir. 1997) (noting that both the language and

the legislative history of the statute governing the delegation of Great Lakes Pilotage Act

powers and duties, "which involve primarily maritime safety and commerce," preclude

delegation to non-Coast Guard officials.)

Because the relief Plaintiff seeks would directly and adversely affect both the

Association and its mission, it seeks to intervene in this action.   No party opposes its

intervention.   The Association will abide by the schedule agreed to between the parties

and entered as an order.    Its unopposed motion to intervene should therefore be

granted.

### The Association Was Allowed To Intervene In Plaintiff's Prior Lawsuit, Which Though Raising Many Of The Same Issues He Seeks To Raise Here Was Resolved On Narrow Grounds, Leaving The Rest Of The Claims Unaddressed

As the Second Amended Complaint notes, Captain Hight brought a previous

action in this Court alleging a variety of statutory and constitutional claims and seeking

wide-ranging relief, including a substantial restructuring of the pilotage system and an

order requiring the Coast Guard to register him as a pilot to provide service in District

One whether the Association thinks he is fit or not.    *See, e.g.,* Second Amended

Complaint ¶¶ 162-67; *Hight v. U.S. Dep't of Homeland Sec.*, 533 F. Supp. 3d 21 (D.D.C.

2021).   The Association successfully moved to intervene as a defendant in that action.

*Hight*, 533 F. Supp. 3d at 26.   Judge Mehta expressly "d[id] not reach Plaintiff's

constitutional law claims," which included the claims that the Coast Guard had improperly

delegated its licensing authority to the Association and had violated his First Amendment

rights.  *Id*. at 26- 27.  Plaintiff reasserts those claims in this new action, though he has now added some Vesting Clause claims that are also based on his (incorrect) assertion that the Coast Guard has improperly delegated its regulatory authority to the Association.  *See* Second Amended Complaint  ¶¶ 284-296, 303-315.

Judge Mehta ruled in the prior case that the Coast Guard's conclusion that Plaintiff had not competed the minimum number of training trips necessary to qualify to take a written pilotage examination was inconsistent with the text of its regulations.  *Id*. at 27-29.   Judge Mehta also ruled that a positive recommendation from the Association was not a necessary precondition under the Coast Guard's regulations to Plaintiff's eligibility to sit for the exam, ruling that the Coast Guard had defaulted on the issue by incorrectly considering the Plaintiff to have abandoned it.  *Id.* at  29-30.

Judge Mehta expressly declined to reach any of the other issues raised in the previous action, or to order the Coast Guard to register him as a pilot whether or not he received a positive recommendation from the Association:

> To be clear, the Court does not resolve the actual question of whether under 46 C.F.R. § 401.220(c) an Applicant Pilot must be given the opportunity to pass the written examination before the Coast Guard can consider an association's recommendation. Nor does the court take a position on whether a positive recommendation from the relevant association is required before an Applicant Pilot can be fully registered by the Coast Guard
> .

*Id.* at 30.  Judge Mehta thus "remand[ed] the case to the Coast Guard to administer the written examination to Plaintiff," "decline[d] to reach Plaintiff's remaining claims," and declined to order any of the extensive additional relief Plaintiff sought in that action.  He merely ordered the Coast Guard to let the Plaintiff sit for the exam.

Having passed the examination, Plaintiff is back to seek the relief at the core of his claims -- an order that the Coast Guard grant him a full pilotage registration, and that he be permitted to provide pilotage services in District One without becoming a member of the Association, which is the "voluntary association of United States registered pilots" that the Coast Guard has authorized under 46 U.S.C. § 9304(a) to form and operate the pilotage pool serving District One.   Plaintiff claims the right to do so independently of the Association, and whether or not the Association thinks he is fit to be a pilot.   Second Amended Complaint ¶¶ 244-253, 297-315.   This relief directly affects the Association, and would fundamentally restructure the Great Lakes pilotage system under which it has operated for decades.   The Association thus should be granted intervention as of right.

**The Association Is Entitled To Intervene As Of Right**

Courts have noted both the desirability of "disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process" and "the greater impetus to intervention that inheres in administrative cases," *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967), and have accordingly "taken a liberal approach to intervention" in administrative cases. *Wilderness Society v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000).  "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the [movant] because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).  As noted above, the Association was granted intervention in Plaintiff's prior action raising many of the same claims he seeks to raise here, and has been granted intervention as a defendant without conditions in other actions

4

in which the Coast Guard has been sued on matters affecting the Association and its member pilots. *See, e.g., Am. Great Lakes Ports Ass'n v. Zukunft*, 2016 WL 8608457 (D.D.C. Aug. 26, 2016) (granting intervention because of the pilots' interest in the review of a rule on pilotage rates).

To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), a movant must "demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Worlds v. Dept. of Health and Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir. 1991) (citing *Chiles v. Thornburg,* 865 F.2d 1197 (11th Cir. 1989))**.**

### 1.    The Motion Is Timely

The pilot associations are moving to intervene before any action has been taken as to the merits of the claims in Plaintiff's Second Amended Complaint.  The Court has adopted a briefing schedule proposed by the existing parties and the Association agrees to abide by that schedule.  The administrative record in the case has not yet been filed, and the Association's first brief would not be due for some months.  The motion is thus timely. *See Georgia v. U.S. Army Corps of Eng'rs,* 302 F.3d 1242, 1259–60 (11th Cir. 2002)(intervention timely where it "did not delay the proceedings and the court had yet to take significant action"); *Chiles,* 865 F.2d at 1213 (intervention timely when filed "only seven months after [the plaintiff] filed his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun").

2.        `The Pilots Have A Cognizable And Legally Protected Interest[1]

Intervention is allowed as of right where a party "will either gain or lose by the direct legal operation and effect of the judgment." *United States v. AT&T Co.,* 642 F.2d 1285, 1292, (D.C. Cir. 1980).  The question is essentially one of standing rather than of the merits, and thus depends on the well-pleaded allegations of the complaint and not whether those allegations actually state a valid claim for relief.  *Id*.   As set out in *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co*., 471 F.3d 1233, 1246 (11th Cir. 2006), Rule 24(a) requires a relationship between the intervenor's legally  protectable interest in the suit and the plaintiff's claims, and such a relationship exists "if the resolution of the plaintiff's claims actually will affect the applicant".

Here the Second Amended Complaint contests the recommendation of the Association that the Plaintiff not be registered as a pilot in District One, due in part to several incidents that took place during his training that he concedes occurred but has attempted to minimize.  The record in fact contains a number of examples of Plaintiff's misconduct, untruthfulness, and failure to accept responsibility for his own actions.  Indeed, prior to applying to the Association Plaintiff had been relieved of his command of an oceangoing  vessel and finished his deep sea career on two much smaller vessels for a

---

[1] Associations may intervene to assert their members' interests, *see Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 343 (1977), so it is of no moment whether the interests are said to belong to pilots or their associations.  Both are implicated here in any event.  *See also Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002) (association has standing if "(1) at least one of its members would have standing to sue in [its] own right, (2) the interests the association seeks to protect are germane to its purpose, and (3) neither the claim asserted nor the relief requested requires that an individual member of the association participate in the lawsuit.")

year until he qualified for his pension, a fact he did not disclose to the Association in his application. *See* Lodged Answer ¶ 4.

Nonetheless, the Second Amended Complaint seeks to force the Plaintiff into the District One pilotage system notwithstanding the Association's strong and well-founded belief that this would risk harm to the pilotage system, and the Coast Guard's own recognition of those concerns. Second Amended Complaint, at 55. The direct legal effect of the requested relief would be to require the Association to dispatch the Plaintiff as a pilot even though it does not believe that would be in the interests of safe and effective pilotage in District One,[2] and to force the Coast Guard and the Association to accept a pilot operating independently of the Association without the finding required by the Coast Guard's regulation that the dispatch of an independent pilot is necessary because the Association cannot provide adequate service. *See* 46 C.F.R. §401.720(b). Such relief would directly "affect" the Association and thus meets this prong of the test for intervention as of right. *See, e.g., Wal-Mart Stores, Inc. v. Texas,* 834 F.3d 562 (5th Cir. 2016) (associations representing licensed business owners have a right to intervene in lawsuits challenging the governing regulatory scheme); *California Valley Miwok Tribe v. Salazar,* 281 F.R.D. 43 (D.D.C. 2012)(intervenor had a "distinct and weighty interest in protecting its governance structure" and its funding )

The Association strongly believes that Plaintiff is not entitled to any relief in this action, and that the Second Amended Complaint does not accurately reflect the realities of

---

[2]    Plaintiff's prior lawsuit sought an order adding Plaintiff to the "tour de roll" of Association pilots eligible to pilot ships in District One.   The current complaint does not, but does not suggest any other mechanism by which Plaintiff would force his way into the administration of the District One pilotage system.

the Plaintiff's situation or of pilotage regulation in general.  Indeed, many of Plaintiff's claims, and the relief he seeks, are identical to those have already been squarely rejected by this Court and the Court of Appeals in a case involving another disaffected pilot from District One over a decade ago.  *See Menkes v. Dep't of Homeland Security*, 637 F.3d 319 (D.C. Cir. 2011).  That is of no moment in determining whether the Association has a right to intervene in this action to protect its interests, as it is the relief sought and not the merits that control as to intervention.  *See United States v. American Tel. & Tel. Co*., 642 F.2d 1285, 1292 (D.C. Cir. 1980).  The pilots thus have a cognizable and legally protected interest sufficient to support intervention as of right.

### 3.      Intervention Is Necessary to Preserve The Rights of the Pilots And Their Association

A prospective intervenor meets this prong if it  shows that it is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)).  In particular, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24, Advisory Committee's Note to 1966 Amendments.

Again, there can be no legitimate question on this point. The Association and its pilots will be substantially and practically affected by the determinations in this action.   If Plaintiff prevails, the Association will have to work with a pilot who it does not believe is fit for the job, and the Coast Guard will, among other things, be forced to restructure the current pilotage system to accommodate an independent pilot outside of the limited circumstances under which one may be authorized now.    All of this directly and

8

substantially affects the Association in a very practical sense, and the relief sought would directly impair its interest.  *See Wildearth Guardians v. Salazar,* 272 F.R.D. 4, 14 (D.D.C. 2010)(plaintiff's claim threatened to impair putative intervenor's interest because "[s]imply put, the [agency's] decision below was favorable to [the intervenor], and the present action is a direct attack on that decision.")

### 4.    The Pilots' Interests Cannot Be Adequately Protected By The Existing Defendants.

An intervenor's burden is a "minimal" and "not onerous" one under which intervention "ordinarily should be allowed." *See Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 734-35 (D.C. Cir. 2003)(citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)).  Inadequate representation by existing parties is especially likely when a nongovernmental party seeks to intervene on the side of a governmental party.  *See Fund for Animals,* 322 F. 3d at 736 (noting that "we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors").  *Accord,* Dimond *v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986); *United States v. American Tel. & Tel. Co*., 642 at 1293.[3]

It is also worth noting in this regard that the litigation interests of the Association and the Coast Guard have diverged on a number of occasions.  *See  St. Lawrence Seaway*

---

[3]   Other circuits are in accord. *See Georgia v. U.S. Army Corps of Eng'rs,* 302 F.3d 1242, 1259–60 (11th Cir. 2002)(allowing an association to intervene in support of an agency decision where the agency "seeks to protect its decision making process, whereas [the association] seeks to protect the economic and statutory interests of its members.") *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (interest of intervenor was "potentially more narrow and parochial than the interests of the public at large"); *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1499 (9th Cir. 1995) (the "Forest Service is required to represent a broader view than the more narrow, parochial interests" of the intervenors); *National Farm Lines v. ICC*, 564 F.2d 381 (10th Cir. 1977)(conflict between agency's representation of the

*Pilots Ass'n v. U.S. Coast Guard*, 357 F.3d 30 (D.D.C. 2019)(vacating a rule that categorically excluded legal fees incurred in litigation against the U.S. government or its agents from expenses recognized in rate setting); *St. Lawrence Seaway Pilots Ass'n v. U.S. Coast Guard,* 85 F. Supp. 3d 198 (D.D.C. 2015)(invalidating the 2014 pilotage rates); *St. Lawrence Seaway Pilots' Ass'n v. Collins*, 362 F. Supp. 2d 59 (D.D.C. 2005), *vacated on other grounds*, 2005 WL 1138916 (D.D.C. May 13, 2005)(challenging regulatory delays, case mooted when rate issued); *St. Lawrence Seaway Pilots Ass'n v. U.S. Coast Guard*, Civ. No. 01-2208-JGP (D.D.C. June 17, 2002)(stipulation vacating two challenged orders regulating Great Lakes pilotage and agreeing to pay fees under the Equal Access to Justice Act).  Of course, this history sits uneasily with the picture painted in the Second Amended Complaint of an agency captured by the Association, but as noted above it is the relief sought in, and the interests affected by, a complaint that govern intervention, not the accuracy and merit (or lack thereof) of the allegations in that complaint.  In any event, that the Association is supporting the Coast Guard in defending the Plaintiff's challenges here does not eliminate the inherent tension in interests between it and the existing governmental defendants, and the "minimal" burden to show inadequate representation by the existing agency defendants is easily met.

**If The Court Finds It Necessary To Reach The Issue, Permissive Intervention Is Available And Appropriate As An Alternative Basis For Intervention.**

The pilots respectfully submit that intervention as of right cannot properly be denied in this case, and that because intervention of right is required under Fed. R. Civ. P. 24(a) that alone requires granting their motion.  If, however, the Court finds it necessary to

---

public interest and the private interests of intervenors sufficient to meet the "minimal" burden of showing inadequate representation);

consider permissive intervention under Fed. R. Civ. P. 24(b), intervention should be granted on that ground as well.

Permissive intervention is appropriate when an applicant's timely claim or defense "shares a question of law or fact in common with the underlying action and if the intervention will not unduly delay or prejudice the rights of the original parties." *Acree v. Republic of Iraq,* 370 F.3d 41, 49 (D.C. Cir. 2004) (citing Fed. R. Civ. P. 24(b)). *Accord, United States v. ABA*, 118 F.3d 776, 782 (D.C. Cir. 1997). Like intervention of right, permissive intervention is granted liberally. See 7C Wright & Miller, Federal Practice and Procedure § 1904 (1986). Here, the questions of law or fact pertinent to the pilots' interests are the same as those of the underlying action, and intervention will cause no delay or prejudice to any party. Permissive intervention should thus be granted if the Court finds it necessary to reach the issue.

**Conclusion**

Defendant intervenor-movant St. Lawrence Seaway Pilots Association has filed a timely application for intervention and has legally-protected interests impaired by this action and not adequately represented by any current party, and is therefore entitled to intervention as of right pursuant to Fed R. Civ. P. 24(a)(2). If the Court finds it necessary to consider permissive intervention under Fed. R. Civ. P. 24(b), that should also be granted.

Respectfully submitted,


__/s/ John Longstreth_____
John Longstreth (D.C. Bar # 367047)
Mark Ruge (D.C. Bar# 461738)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C.  20006
(202) 778-9000
(202) 778-9100 (fax)
john.longstreth@klgates.com
mark.ruge@klgates.com

*Counsel for St. Lawrence Seaway Pilots
Association*

Date:  September 15, 2022