UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. HIGHT, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, UNITED STATES )<br>COAST GUARD and Admiral LINDA L. )<br>FAGAN, Commandant, in her official capacity, )<br>)<br>    Defendants, )<br>)<br>ST LAWRENCE SEAWAY PILOTS ASS'N )<br>733 East Broadway Street )<br>Cape Vincent, New York  13618 )<br>)<br>    Defendant-intervenor-Movant. )<br>                 ) | Case No. 1: 21-cv-3277-RJL |

**ANSWER OF ST LAWRENCE SEAWAY PILOTS ASSOCIATION TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Defendant-intervenor-Movant the St. Lawrence Seaway Pilots Association, by and through undersigned counsel, answers the Second Amended Complaint as follows:

1. Paragraph 1 consists of Plaintiffs' description and characterization of his action and allegations about another party as to which no response is required; to the extent this paragraph may require a response the allegations are denied. The Association expressly denies that the Coast Guard "has completely outsourced its decision whether to register Captain Hight as a pilot" to the Association; to the contrary the record shows that the Pilotage Director has expressly concurred with the Association's recommendation that

1

Plaintiff not be registered as a pilot, and the Coast Guard's final decision, at 6, expressly finds that "Captain Hight does not possess the calm demeanor and professional temperament necessary to pilot vessels throughout the waters of [District One]." This decision was known to Plaintiff when he filed his Complaint, and his allegation, which appears to have been recycled from an earlier pleading, that the Coast Guard "has completely outsourced its decision" to the Association is knowingly false.

2.  Paragraph 2 consists of Plaintiffs' description and characterization of a decision by Judge Mehta, reported as *Hight v. U.S. Dep't of Homeland Sec.*, 533 F. Supp. 3d 21, 31 (D.D.C. 2021), as to which no response is required; to the extent this paragraph may require a response the reported decision is the best evidence of its contents and the Plaintiff's allegations concerning the decision are denied. The Association expressly denies that Judge Mehta's decision establishes any right or duty by the Coast Guard to fully register Plaintiff as a pilot in District One. To the contrary, Judge Mehta expressly declined to reach a number of the issues raised in the prior action, including whether the Coast Guard was required to register him as a pilot whether or not he received a positive recommendation from the Association:

> To be clear, the Court does not resolve the actual question of whether under 46 C.F.R. § 401.220(c) an Applicant Pilot must be given the opportunity to pass the written examination before the Coast Guard can consider an association's recommendation. Nor does the court take a position on whether a positive recommendation from the relevant association is required before an Applicant Pilot can be fully registered by the Coast Guard.

*Id.* at 30. Judge Mehta thus "remand[ed] the case to the Coast Guard to administer the written examination to Plaintiff," "decline[d] to reach Plaintiff's remaining claims," and declined to order any of the extensive additional relief Plaintiff sought in that action.

2

3. Paragraph 3 consists of Plaintiffs' further description and characterization of his action as to which no response is required; to the extent this paragraph may require a response the allegations are denied. The Association expressly denies that the Coast Guard has "allow[ed] a private business to dictate who can work in an occupation;" and Plaintiff's statement that "the Coast Guard has done exactly that" is false.

4. Paragraph 4 consists of allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny. The Association does know, however, that Plaintiff's statement that he "has more than two decades of experience sailing large commercial ships," knowingly omits the fact that he was relieved of his command of one of those ships because he had lost the confidence of the vessel owner, and that he thereupon was placed in charge of only two small vessels for very short periods of time in the remaining year or so before he qualified for his pension and retired from "sailing large commercial ships" overseas. Had Plaintiff apprised the Association of the circumstances of his relief from command when he applied to the Association's training program he would not have been accepted into it. Even as it was, he was accepted only by the slimmest of margins into the program, and his training record thereafter made clear that the misgivings expressed when he was admitted into the program were prescient and justified. The Association has also learned that Plaintiff misrepresented his Naval Reserve status on his application, and had the Association known this fact at the time Plaintiff also likely would not have been accepted into its training program to begin with. The Association also understands that since leaving his work "sailing large commercial ships" overseas Plaintiff has maintained a maritime consulting business that includes providing testimony as an expert in legal proceedings.

5. Paragraph 5 consists of descriptions of two of the Defendants; these are allegations concerning other parties as to which to which no response is required; to the extent a response is required the Association admits that at the times alleged in the complaint the Coast Guard was an agency within the Department of Homeland Security that administers the Great Lakes Pilotage Act and that the Coast Guard, contrary to allegations elsewhere in the Second Amended Complaint, actively manages and oversees the processes and procedures for pilot registration on the Great Lakes.

6. Paragraph 6 consists of allegations about another party as to which no response is required; to the extent this paragraph may require a response the Association admits that Admiral Fagan is the most senior official in the Coast Guard, the agency that administers the Great Lakes Pilotage Act

7. Paragraph 7 consists of legal assertions to which no response is required. To the extent this paragraph may require a response, the Association states that the cited statutory provisions are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

8. The Association admits that venue is proper in this District.

9. Paragraph 9 consists allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny.

10. Paragraph 10 consists of allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny. The Association does know, however, that Plaintiff was at one point the "captain in command of a vessel" and that he was relieved of that command because he had lost the confidence of the vessel

owner, and that he would not have been accepted into the Association's training program had he forthrightly advised the Association of these circumstances when he applied.

11. Paragraph 11 consists of allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny. The Association believes that the allegation that Plaintiff applied to it to become a pilot in order to spend less time away from his family is at the least misleading, however, in that his application shows that he retired from "being gone at sea" in 2013, the year after he was relieved of his command of a vessel at sea, and he did not apply to the Association until 2015. In the intervening two years the Association believes that Plaintiff, who had qualified for a pension, had engaged in consulting work that was not at sea and that did not require him to remain away from his family "for months at a time."

12. Paragraph 12 consists of general allegations as to the derivation of and what is generally meant or understood by the term "pilot," and is not capable of precise response particularly since the allegation is made "in this context" but no context is defined; to the extent a response is necessary the Association admits that the word "pilot" can refer to someone who guides a vessel and otherwise denies the allegation.

13. Paragraph 13 consists of legal assertions as to which no response is required; to the extent a response is required the Association states that the Great Lakes Pilotage Act of 1960, 46 U.S.C. §§ 9301–08, is the best evidence of its terms and requirements.

14. Paragraph 14 consists of allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny. Plaintiff's allegation that serving as a pilot would be an alternative to "travel[ling] around the world

for months at a time as he did for 20 years of his career," appears inconsistent with the fact that Plaintiff was relieved of his command of an oceangoing vessel and retired from that work with a pension the following year and began work as maritime consultant.

      15-16.      Paragraphs 15 and 16 consist of legal assertions as to which no response is required; to the extent a response is required the cited statutory provisions are the best evidence of their terms.

      17-22.      Admitted.

      23-24.      Paragraphs 23-24 consist of legal assertions as which no response is required. To the extent these paragraphs may require a response, the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

      25.      Denied.

      26-29.      Paragraphs 26-29 consist of legal assertions as which no response is required. To the extent these paragraphs may require a response, the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations. The Association expressly denies that the three cited requirements are the only requirements to qualify for registration as a Registered Pilot for waters in which a pilotage pool is authorized.

      30.      Paragraph 30 consists of legal assertions as which no response is required. To the extent these paragraphs may require a response, the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

      31.      Denied.

32. Denied.

33. Paragraph 33 consists of legal assertions as which no response is required. To the extent these paragraphs may require a response, the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

34. Denied.

35-37. The Association admits that it is the "voluntary association of United States registered pilots" authorized by law to form a pilotage pool for District One.

38. The Association admits that it is a private voluntary association as authorized by the Great Lakes Pilotage Act that provides pilotage services under rates and terms established by the Coast Guard. The Association does not have the ability generally possessed by for-profit businesses to determine the volume or price of its service offerings or to decide how many persons to hire to provide those services. All of those matters are determined by the Coast Guard pursuant to the governing statute and regulations.

39. The Association has the number of authorized pilots determined by the Coast Guard in its annual rate rulemaking. In the proposed rule for 2023 the number of authorized pilots is 18 registered pilots plus two apprentice pilots. *See* 87 Fed. Reg. 52877.

40-41. Denied.

42. Admitted that the Association requires new members to bear a cost of the investments it has made in infrastructure necessary to provide pilotage services.

43-44. Denied.

45-46. Paragraphs 45-46 consist of legal assertions as which no response is required. To the extent these paragraphs may require a response, the Association states

that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

47. Denied.

48. Admitted that the Association bought two parcels of land in 2016 that included a pilot station and dock, a motel, a garage and storage area, and an office, for a total price of $1,073,000. The Coast Guard has found that these properties are used by the Association for operational needs and that the outlays made in 2016 to acquire them are reasonable and necessary to provide pilotage services. *See* Great Lakes Pilotage Rates—2019 Annual Review and Revisions to Methodology, 84 Fed. Reg. 20,551, 20,556 (May 10, 2019).

49. Admitted that the property includes a 3,700 square foot building used as an office, which the Coast Guard has found reasonable and necessary to provide pilotage services. *Id*.

50. Admitted that the office replaced a trailer that had previously been used as an office, denied that the trailer remained usable as an permanent office or that it could have been made so without a very substantial investment.

51. Denied.

52. Denied to the extent the allegation is intended to imply that the Association developed the plan without any oversight by the Coast Guard.

53. Paragraph 53 consists of legal assertions as which no response is required. To the extent the paragraph may require a response, the Association states that the regulations are, in their entirety and in context, themselves the best evidence of their contents.

54. Denied.

55-73. Paragraphs 55-73 consist of Plaintiff's characterizations of the training plan and legal assertions; the Association states that the plan and the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

74-93. Denied.

94. Admitted

95-96. Paragraphs 95-96 consist of allegations concerning the Plaintiff as to which the Association generally lacks information and belief and must thus deny. The Association notes that the experience Plaintiff cites includes being relieved of his duties as the master of a vessel because he had lost the confidence of its owner.

97-100. Paragraphs 97-100 consist of legal assertions as to which no response is necessary; to the extent a response is necessary the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

101-104. Denied.

105. Admitted

106. Denied

107. Admitted.

108. Denied.

109-11. Admitted that Plaintiff participated in Deputy Pilot Training Phase of the Training Plan as a pilot with a limited temporary registration for undesignated waters only; denied that Plaintiff met the requirements of the Plan.

9

112-113.   Paragraphs 112-113 consist of legal assertions as to which no response is necessary; to the extent a response is necessary the Association states that the cited regulations are, in their entirety and in context, themselves the best evidence of their contents and otherwise denies the allegations.

114.   Denied.

115.   Denied.

116.   Admitted.

117-19.   Denied.

120.   Paragraph 120 purports to characterize a document that is itself the best evidence of its contents and is therefore denied.

121-125.   Denied.

126.   Paragraph 126 consists of allegations concerning Plaintiff's state of mind as to which the Association generally lacks information and belief and must thus deny. The Association expressly denies that its President allowed Pilotage Director Haviland and his family to stay at the Association's Lake House, and notes that in prior litigation its President provided a sworn declaration that this did not happen; nonetheless Plaintiff persists in asserting that he has "reason to believe" this occurred without providing any basis for such belief. The Association has no record of criticism on this score at the time from Plaintiff; nor was any criticism expressed to the Association's President.

127-130.   Denied.  The Association has no record of any such "challenges" at the time from Plaintiff; nor were any expressed to the Association's President.

131-132.   Denied.

133. Denied that any such campaign occurred. The Association further answers that the Pilotage Office later determined that the pilot referenced in the report was ultimately not permitted to provide pilotage services outside the Association because there was no need for such services that could not be accommodated by the Association within its authorized pool, that the pilot thereupon sued the Coast Guard to overturn this decision, and that his lawsuit was rejected by this Court and the Court of Appeals. *See Menkes v. Dep't of Homeland Security*, 637 F.3d 319 (D.C. Cir. 2011).

134. Denied.

135. Admitted that the Association cited this misconduct by the Plaintiff as a basis for its conclusion not to recommend him for full registration; denied that there was any pretext.

136. Denied. In addition, Captain Hight's continuing refusal to take responsibility for his own conduct is further evidence of his unfitness to be a pilot.

137. Admitted that Captain Hight got into an altercation with the master of a ship he was supposed to be serving and swore at him, and that that the Association cited this misconduct by the Plaintiff as a basis for its conclusion not to recommend him for full registration; denied that there was any pretext or that his characterization describes the entire incident.

138. Denied. In addition, Captain Hight's continuing refusal to take responsibility for his own conduct is further evidence of his unfitness to be a pilot.

139-140. Denied.

141. Admitted.

142-143. Denied.

144. Admitted, except to deny any implication that the Association manages the tour de roll without any oversight by the Coast Guard.

145. Denied.

146. Admitted. All ballots are introduced by the President.

147. Denied.

148-150. Paragraphs 148-150 consist of allegations concerning the actions of other parties as to which the Association generally lacks information and belief and must thus deny.

151. Admitted.

152. Denied.

153. Admitted that Plaintiff was not added to the tour de roll, the remainder of the allegations and characterizations of Paragraph 153 concern the actions of other parties as to which the Association generally lacks information and belief and must thus deny.

154. Paragraph 154 consists of legal assertions to which no response is required. To the extent a response is required, the Association denies that the Coast Guard had legal authority to add Plaintiff to the tour de roll under the circumstances or that any precedent under which the Coast Guard had done so was analogous to his situation.

155-156. Paragraphs 155-56 consist of allegations concerning Plaintiff's actions and state of mind as to which the Association generally lacks information and belief and must thus deny, and the Association expressly denies that Plaintiff "had completed all of the requirements for registration except for the Written Exam" and that he was entitled to a full certificate of registration.

157. Admitted.

158. Denied.

159. Admitted that Plaintiff filed an appeal on August 15, 2018, and that the appeal filing is the best evidence of its contents.

160-61. Admitted that on October 19, 2018, the Coast Guard denied Captain Hight's appeal and that its decision is the best evidence of its contents.

161-67. Admitted that Plaintiff filed a lawsuit and that Judge Mehta ruled in his favor on narrow grounds, expressly declining to reach Plaintiff's other claims or to order the Coast Guard to register him as a pilot whether or not he received a positive recommendation from the Association, and that the filings and decision themselves are the best evidence of their contents.

168-180. Paragraphs 168-180 are allegations about other parties as to which no response is required, as and to which the cited documents are the best evidence of its contents; to the extent these paragraphs may require a response the allegations are denied.

181. Denied. Judge Mehta expressly did not reach this issue.

182-188. Paragraphs 182-188 are allegations about other parties as to which no response is required, as and to which the cited documents as to the Director's decision are the best evidence of their contents; to the extent these paragraphs may require a response the allegations are denied.

189-195. Paragraphs 189-195 are allegations about other parties as to which no response is required, as and to which the cited documents as to the Coast Guard's final decision are the best evidence of its contents; to the extent these paragraphs may require a response the allegations are denied, and it is expressly denied that Judge Mehta made the holding alleged in Paragraph 193 as he expressly declined to reach that issue.

196-97.     Admitted.

198.        Denied.

199.        Admitted.

200.        Denied.

201-02.     Paragraphs 201-202 are allegations about other parties as to which no response is required, as and to which the cited documents as to the Coast Guard's final decision are the best evidence of their contents; to the extent these paragraphs may require a response the allegations are denied,

203.        Paragraph 203 consists of Plaintiffs' description and characterization of Judge Mehta's decision, as to which no response is required; to the extent this paragraph may require a response the reported decision is the best evidence of its contents and the allegations are otherwise denied.

204-205.    Admitted.

206-228.    Denied.

229.        The Association incorporates by reference each and every response set forth in paragraphs 1 through 228 above.

230-243.    Paragraphs 230-243 consist of legal assertions, Plaintiffs' description and characterization of Judge Mehta's decision, and allegations as to the other parties as to which no response is required; to the extent these paragraphs may require a response the reported decision is the best evidence of its contents and the allegations are otherwise denied.

244.        The Association incorporates by reference each and every response set forth in paragraphs 1 through 243 above.

245-53. Paragraphs 245-53 consist of legal assertions, Plaintiffs' description and characterization of Judge Mehta's decision, and allegations as to the other parties as to which no response is required; to the extent these paragraphs may require a response the reported decision is the best evidence of its contents and the allegations are otherwise denied. Judge Mehta expressly declined to rule as to "whether a positive recommendation from the relevant association is required before an Applicant Pilot can be fully registered by the Coast Guard." Paragraph 245 also appears to consist of an allegation mistakenly cut and pasted from another count.

254. The Association incorporates by reference its responses to paragraphs 1-253 above as if fully set forth herein.

255-257. Paragraphs 255-57 consist of legal assertions as to which no response is required; to the extent these paragraphs may require a response they are denied.

258. The Association incorporates by reference its responses to paragraphs 1-257 above as if fully set forth herein.

259-65. Paragraphs 259-65 consist of legal assertions and characterizations of Coast Guard regulations as to which no response is required and as to which the regulations in their entirety and in context are the best evidence and also allegations concerning the actions of other parties; to the to the extent these paragraphs may require a response the allegations are denied.

266. Denied.

267-268. Paragraphs 267-271 consist of legal assertions and characterizations of Coast Guard regulations as to which no response is required and as to which the regulations in their entirety and in context are the best evidence and also allegations

concerning the actions of other parties; to the extent these paragraphs may require a response the allegations are denied.

272. The Association incorporates by reference its responses to paragraphs 1-271 above as if fully set forth herein.

273-278. Paragraphs 273-78 consist of legal assertions and characterizations of Coast Guard regulations and statutory provisions as to which no response is required and as to which the regulations and statutory provisions in their entirety and in context are the best evidence, and also allegations concerning the actions of other parties; to the extent these paragraphs may require a response the allegations are denied.

279. The Association incorporates by reference its responses to paragraphs 1-278 above as if fully set forth herein.

280-281. Paragraphs 280-81 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

282. Denied. The Association is economically regulated in a manner as to make this allegation nonsensical.

283-84. Paragraphs 283-84 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

285. The Association incorporates by reference its responses to paragraphs 1-284 above as if fully set forth herein.

286-87. Paragraphs 286-87 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

288. Denied. The Association is economically regulated in a manner as to make this allegation nonsensical.

289-290. Paragraphs 289-290 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

291. The Association incorporates by reference its responses to paragraphs 1-290 above as if fully set forth herein.

292-293. Paragraphs 292-293 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

294. Denied. The Association is economically regulated in a manner as to make this allegation nonsensical.

295-96. Paragraphs 295-296 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

297. The Association incorporates by reference its responses to paragraphs 1-296 above as if fully set forth herein.

298-302. Paragraphs 298-302 consist of legal assertions and characterizations of Coast Guard actions as to which no response is required; to the extent these paragraphs may require a response the allegations are denied.

303.    The Association incorporates by reference its responses to paragraphs 1-302 above as if fully set forth herein.

304-315.    Paragraphs 304-315 consist of legal assertions, characterizations of Coast Guard actions, and allegations concerning Plaintiff's state of mind as to which no response is required, to the extent these paragraphs may require a response the allegations are denied. The Association expressly denies that there is any basis for Plaintiff's alleged belief that it or its President are engaged in improper activities, and Plaintiff states none, and continues to assert his belief in this misconduct even in prior litigation the Association's President provided a sworn declaration that there is no basis for Plaintiff's belief.

Any allegation not expressly admitted is denied.

## PRAYER FOR RELIEF

The Association denies that Plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails in whole or in part to state a claim for which relief may be granted.

### Second Affirmative Defense

The Second Amended Complaint, a self-described "saga," fails to provide a short and plain statement of the claim and should be dismissed for failure to comply with Fed, R. Civ. P. 8.

### Third Affirmative Defense

Plaintiff has not established a basis for any of the equitable relief he seeks.

**Fourth Affirmative Defense**

Any equitable relief in this action is barred by Plaintiff's unclean hands and other inequitable conduct.

**Fifth Affirmative Defense**

The Second Amended Complaint improperly asks this Court to ignore, and rule contrary to, binding precedent of the United States Supreme Court and of the United States Court of Appeals for the District of Columbia Circuit.

WHEREFORE, Defendant-intervenor movant the St. Lawrence Seaway Pilots Association respectfully requests that the Complaint be dismissed or, alternatively, that the Court enter judgment in its favor and against Plaintiff, and that Plaintiff take nothing, and that the Association be awarded its costs and such other relief as this Court may find necessary and appropriate.

Respectfully submitted,

/s/ John Longstreth
John Longstreth (# 367047)
Mark Ruge (# 461738)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000
(202) 778-9100 (fax)
john.longstreth@klgates.com
mark.ruge@klgates.com

*Counsel for Defendant-intervenor movant St. Lawrence Seaway Pilots Association,*

Date: September 15, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer was filed and served via the Court's CM/ECF filing system on September 15, 2022, to the following counsel of record:

Jeffrey H. Redfern
Seth Young
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jredfern@ij.org
syoung@ij.org

Robert Johnson (DC Bar No. 1013390)
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

*Counsel for Plaintiff*


MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendants*